UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN DINENNO, SR., on behalf of Anthony Dinenno, a minor, | HONORABLE JOSEPH E. IRENAS<br>CIVIL ACTION NO. 08-5903 (JEI/JS) |
| Plaintiff, | **OPINION** |
| v. | |
| LUCKY FIN WATER SPORTS, LLC; MARC M. ROY, JR.; and GEORGE DJUKANOVIC, JR., | |
| Defendants, | |
| LUCKY FIN WATER SPORTS, LLC, | |
| Third-Party Plaintiff, | |
| v. | |
| ROBERT HUGHES, | |
| Third-Party Defendant. | |

**APPEARANCES:**

WESTMORELAND VESPER & QUATTRONE, P.A.
By: Thomas J. Vesper, Esq.
8025 Black Horse Pike
West Atlantic City, New Jersey 08401
    Counsel for Plaintiff

MCGIVNEY & KLUGER, P.C.
By: Gary J. Intoccia, Esq.
23 Vreeland Road, Suite 220
Florham Park, New Jersey 07932
    Counsel for Defendant / Third Party Plaintiff Lucky Fin
    Water Sports, LLC

BENNETT, BRICKLIN & SALTZBURG LLC
By: Michael Dolich, Esq.

1601 Market Street, Floor 16
Philadelphia, Pennsylvania 19103
            Counsel for Third Party Defendant Robert Hughes


**IRENAS**, Senior District Judge:

    The principal suit before the Court is a personal injury suit within this Court's admiralty jurisdiction[1] arising out of a collision between two jet skis.  The third party action, which is the subject of this opinion, concerns the indemnification and release provisions contained in the jet ski rental agreements.  Cross motions for summary judgment are pending between Third Party Plaintiff Lucky Fin Water Sports, LLC and Third Party Defendant Robert Hughes.  For the reasons stated herein, summary judgment will be granted to Hughes, and Lucky Fin's Motion for Summary Judgment will be denied.


                                  **I.**

    The disputed facts and circumstances concerning the August 30, 2007 collision of two jet skis owned by Lucky Fin are discussed in this Court's opinion addressing Lucky Fin's motion for summary judgment against Plaintiff and will not be repeated here.  The following undisputed facts are relevant to the instant Motions.

    Anthony Dinenno (13 years old at the time) and George Djukanovic, Jr. (18 years old at the time) were a guests of their

---

    [1] *See* 28 U.S.C. § 1333.

friends, the Hughes family, on a trip to Wildwood, New Jersey. (Robert J. Hughes Dep. p. 19-20)  On August 30, 2007, during their stay in Wildwood, the group went to Lucky Fin to rent jet skis. Dinneno was to ride as Djukanovic's passenger.  Because Dinneno was a minor, Lucky Fin required an adult to sign, on behalf of Dinneno, the rental agreement that was also signed by Djukanovic.  (Robert J. Hughes Dep. p. 30-33)  As Dinneno's parents did not accompany him on the trip, Third Party Defendant Robert Hughes, the father of Dinneno's friends, signed the agreement as the "parent/guardian or responsible party" for Dinneno.  (Id.)

The relevant portion of the rental agreement signed by Hughes provides:

> NOW THEREFORE, in consideration of the permission extended to me by Lucky Fin Water Sports, L.L.C., through its officers, and agents to take such a trip or trips, I do hereby for myself, my heirs, executors, and administrators, remise, release and further discharge Lucky Fin Water Sports, L.L.C., . . . from all claims demands, actions, or causes of action on account of my death or on account of any injury to me which may occur from any cause during the trip or trips or continuation thereof, as well as any operations incident to such trip or trips.
>
> The undersigned further agrees they shall indemnify and save harmless Lucky Fin Water Sports, L.L.C., . . . against all loss, cost or damage on account of any injury to persons or property occurring or rising out of this lease.
>
> . . . .
>
> **REPRESENTATION OF PARENT/GUARDIAN OR RESPONSIBLE PARTY**– I hereby represent that I am the parent and/or legal guardian and/or responsible party of the participant indicated above, that I fully understand the contents of this agreement and the results and consequences of

3

>     signing it, that I voluntarily consent to all aspects of
>     the agreement, including the waivers, releases, and
>     indemnification agreements as set forth in the agreement
>     above.

(Intoccia Decl. Ex. C) (caps and bold in original).

In the principal action, Dinneno's "guardian ad litem", Steven Dinenno, Sr., filed negligence claims against Lucky Fin, Djukanovic, and Mark Roy, Jr., the operator of the jet ski that collided with the jet ski carrying Djukanovic and Anthony Dinneno.

Upon Lucky Fin's Motion, Magistrate Judge Schneider granted Lucky Fin leave to file a third party complaint against Robert Hughes, based solely on the fact that Hughes signed the rental agreement as the responsible party for Anthony Dinneno.[2]  The Third Party Complaint alleges three claims: contribution under New Jersey statutory law; common law indemnification; and "contractual indemnification" based on the rental agreement.  Hughes moves for summary judgment on all claims.  Lucky Fin moves for summary judgment as to contractual indemnification.

## II.

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

---

[2] It is undisputed that Hughes did not rent a jet ski himself.  He waited at a nearby restaurant while the others used the jet skis.

4

any material fact and that the moving party is entitled to a judgment as a matter of law.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).  In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party.  *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).

"'With respect to an issue on which the non-moving party bears the burden of proof, the burden on the moving party may be discharged by 'showing'- that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.'"  *Conoshenti v. Public Serv. Elec. & Gas*, 364 F.3d 135, 145-46 (3d Cir. 2004) (quoting *Celotex*).  The role of the Court is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

### III.

#### A.

Hughes is entitled to summary judgment with respect to the contractual indemnification claim for the simple reason that he plainly never agreed to indemnify Lucky Fin for injuries *Anthony Dinneno* might suffer.  The language of the rental agreement is

5

clear: Hughes agreed to "*release and further discharge* Lucky Fin Water Sports, L.L.C., . . . from all claims demands, actions, or causes of action on account of my death or *on account of any injury to me [i.e., Anthony Dinneno]* which may occur from any cause during the trip." (Intoccia Decl. Ex. C.)(emphasis added).  He only agreed to indemnify Lucky Fin "against all loss, cost or damage on account of *any injury to persons or property* occurring or rising out of this lease." (Id.)(emphasis added).  Thus, Hughes only agreed to indemnify Lucky Fin for injuries that Dinneno might cause to another person.  With regard to injuries to Dinneno himself might suffer, Hughes only agreed to release and further discharge any claim Dinneno might have against Lucky Fin.

Thus, the true issue in this case, which neither Lucky Fin, nor Hughes seems to recognize, is whether the release of Lucky Fin which Hughes signed, as the "responsible party" for Anthony Dinneno, is enforceable against Steven Dinneno, Sr., the "guardian ad litem" bringing suit against Lucky Fin on Anthony Dinneno's behalf.  That is an issue to be litigated in the principal suit, not in a third party suit against Hughes.

Considering the claims asserted in the principal action and the plain language of the rental agreement, contractual indemnification simply is not an issue.  Accordingly, with respect to the claim for contractual indemnification, Lucky Fin's Motion for Summary Judgment will be denied and Hughes's Motion for Summary

6

Judgment will be granted.

**B.**

Hughes is also entitled to summary judgment with regard to the contribution and common law indemnification claims. There is simply no factual basis in the record for these claims.

It is undisputed that Robert Hughes's involvement in the events leading up to and including the accident was limited to signing the rental agreement on Anthony Dinneno's behalf. The undisputed record demonstrates that Hughes remained on land at a nearby restaurant while Djukanovic and Roy operated the jet skis within the designated area in the waterway supervised by Lucky Fin. No reasonable factfinder could find Robert Hughes at fault for the accident[3], which is a prerequisite to both the contribution and indemnification claims. *See Cooper Stevedoring Co. v. Kopke,* 417 U.S. 106, 115 (1974) ("Contribution rests upon a finding of concurrent fault."); *Griffith v. Wheeling-Pittsburgh Steel Corp.*, 610 F.2d 116, 129 (3d Cir. 1979) ("The rule of non-contractual indemnity . . . is designed to shift the primary burden of reparations to the party more at fault, thereby avoiding unjust, or at least unsatisfactory results.")[4].

---

[3]   Indeed, the Third Party Complaint does not even allege that Hughes was at fault.

[4]   *Griffith* vacated and remanded on other grounds by *American Commercial Lines, Inc. v. Griffith*, 451 U.S. 965 (1981).

Accordingly, Hughes's summary judgment motion will be granted as to the remaining claims of the Third Party Complaint.

**IV.**

For the foregoing reasons, Lucky Fin's Motion for Summary Judgment against Hughes will be denied and Hughes' Motion for Summary Judgment will be granted.  An appropriate order accompanies this opinion.

Dated: February 22, 2011

                                              s/ Joseph E. Irenas
                                              **Joseph E. Irenas, S.U.S.D.J.**